**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 18-cr-572-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **MALEK MARSHALL**,

    Defendant.

---

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

Before the Court is Defendant Malek Marshall's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"). (ECF No. 66.) For the reasons explained below, the Court denies the Motion.

### I. BACKGROUND

On July 29, 2019, Marshall pleaded guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (ECF Nos. 14, 46.) On November 20, 2019, the Court sentenced Marshall to 14 months' imprisonment to be served consecutive to his sentence in Denver County District Court. (ECF No. 61.)

On March 2, 2020, the Colorado Department of Corrections paroled Marshall to the Bureau of Prisons to begin serving his sentence in this case. (ECF No. 66 at 1.) Marshall was transported to the FDC Englewood. (*See id.* at 2.) He has been officially designated to FCI Victorville, but his transfer is currently on hold in light of COVID-19. (*See id.*)

Marshall filed the Motion on July 14, 2020.  (ECF No. 66.)  As a 22-year old African-American man with asthma, he argues that he is at an increased risk for severe illness from COVID-19 and therefore asks the Court to allow him to serve his remaining sentence at "in-home detention."  (*Id.* at 3–5.)

## II. ANALYSIS

Marshall invokes the Court's authority to grant what is commonly referred to as "compassionate release."  The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it as been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;

---

[1]  In this case, BOP has indicated that it cannot and will not process or consider Marshall's request for compassionate release until he is in BOP custody at the institution to which he is ultimately designated—*i.e.*, FCI Victorville.  (ECF No. 66-1.)  Because Marshall's transfer to FCI Victorville remains pending, he has been unable to exhaust his administrative remedies.  (ECF No. 66 at 5.)  The Government agrees that under the circumstances, "§ 3582(c)'s exhaustion requirement is either satisfied or futile" and "the Court has jurisdiction to consider the defendant's request on the merits."  (*See* ECF No. 69 at 2.)

> * * *
>
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

As this statutory language makes clear, the Court cannot order the BOP to release Marshall to home confinement for the remainder of his prison sentence. The Court may only "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." *Id*. To have Marshall released from prison *immediately* under this authority, the Court would need to re-sentence him to time served (*i.e.*, 5 months).

As stated above, Marshall must demonstrate "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (c)(1)(A)(i). One Sentencing Commission policy statement explains that

> extraordinary and compelling reasons exist [if] * * * [t]he defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. 1(A)(ii).  The same policy statement also contains a safety valve for unexpected circumstances specific to the inmate: "[E]xtraordinary and compelling reasons exist [if] * * * [a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons [explicitly set forth]."  *Id*. cmt. 1(D).  After careful consideration of the parties' submissions, the Court finds that Marshall does not fall within either part of the policy statement.

Marshall asserts that he is at increased risk for severe illness if he contracts COVID-19 because he is an African-American man who has asthma.  (ECF No. 66 at 3.)  According Marshall's BOP records, he has been prescribed an oral medication to take twice daily for his asthma, as well as an inhaler to use as necessary.  For purposes of this Motion, the Court will accept that Marshall has "moderate-to-severe asthma" that "may increase [his] risk for severe illness from COVID-19."[2]

While Marshall may be at a somewhat higher risk of serious complications from COVID-19 as compared to the general prison population, the Court does not believe that his particular condition and circumstances provide an extraordinary and compelling reason to justify re-sentencing him to time served at this time.  Marshall is 22 years old, which puts him significantly below the high-risk age group (65 years or older) identified by the CDC.[3]  Moreover, Marshall does not assert that COVID-19 is currently running

---

[2]  Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 30, 2020).

[3]  Centers for Disease Control and Prevention, *Older Adults*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated July 30, 2020).

4

rampant in his facility. The BOP website shows that as of today, FDC Englewood does not have any current cases of the virus.[4] *See* "COVID-19 Cases" (table), *at* https://www.bop.gov/coronavirus/ (last accessed August 7, 2020).

Many courts have denied prisoners' motions for compassionate release even when there are significant numbers of active COVID-19 cases at their facilities and even when the prisoners have serious pre-existing medical conditions. *See, e.g.*, *United States v. Korn*, 2020 WL 1808213, at *5–7 (W.D.N.Y. Apr. 9, 2020) (denying compassionate release where defendant suffered from a serious heart condition and his facility had confirmed cases); *United States v. Credidio*, 2020 WL 1644010, at *1 (S.D.N.Y. Apr. 2, 2020) (denying compassionate release where there were confirmed cases in the facility); *United States v. Hays*, 2020 WL 1698778, at *2–3 (S.D. Ala. Apr. 7, 2020) (similar); *but see, e.g.*, *United States v. Jenkins*, — F. Supp. 3d —, 2020 WL 2466911 (D. Colo. May 8, 2020) (Kane, J.) (granting compassionate release to 61-year-old man with multiple serious pre-existing medical conditions). At this time, the greater weight of authority supports a determination that extraordinary and compelling reasons generally do not exist where there are no confirmed cases at the prisoner's facility. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate relief.").

Accordingly, because COVID-19 is not currently present at FDC Englewood, the Court concludes that "extraordinary and compelling reasons" do not exist to warrant a

---

[4] FCI Englewood, which is part of the same complex as FDC Englewood, currently has five cases of COVID-19. *See* "COVID-19 Cases" (table), *at* https://www.bop.gov/coronavirus/ (last accessed August 7, 2020).

5

reduction in Marshall's sentence at this time. Thus, re-sentencing Marshall to time served would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c).

### III. CONCLUSION

For the reasons set forth above, Marshall's Motion for Compassionate Release Pursuant to 18 U.S.C.§ 3582(c)(1)(A) (ECF No. 66) is DENIED without prejudice to refiling should the circumstances at his facility substantially change in a manner material to the analysis in this Order.

Dated this 7th day of August, 2020.

BY THE COURT:

_____
William J. Martínez
United States District Judge